IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Brooks, #216605, ) | C/A No. 6:06-1234-MBS-WMC |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| Wantonta Golden, Correctional Officer; ) | |
| Wade Byrd, Lieutenant; Charles Williams, ) | |
| Sgt.; Jonathan Bennett, Sgt.; John Randell, ) | |
| Captain; Florence Mauney, Captain; ) | |
| Richard Bazzel, Warden; Michael Fowler, ) | |
| Grievance Clerk; R.L. Turner, Disciplinary ) | |
| Hearing Officer; sued in their individual ) | |
| and official capacity respectively, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Brooks is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of the conditions of his confinement as well as certain SCDC disciplinary hearing procedures. Defendants Wantonta Golden, Wade Byrd, Charles Williams, Jonathan Bennett, John Randell, Florence Mauney, Richard Bazzel, Michael Fowler and R.L. Turner filed a motion for summary judgment on September 20, 2006. On September 21, 2006, an order was issued pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to summary judgment on November 20, 2006. On December 5, 2006, Defendants filed a reply brief.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was

referred to United States Magistrate William M. Catoe for pretrial handling. The Magistrate Judge filed a Report of Magistrate Judge ("Report") on June 27, 2007, finding that only Plaintiff's claim arising from the grievance he filed on October 1, 2005 had been exhausted and recommending that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report ("Plaintiff's Objections") on July 18, 2007.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In this case, the court concurs in the Magistrate Judge's recommendation that Defendants' motion for summary judgment be granted.

## FACTS

The incidents described in Plaintiff's complaint took place while Plaintiff was housed in the Special Management Unit ("SMU") at Perry Correctional Institution. Plaintiff alleges that Defendant Officer Wantonta Golden deprived him of his meal trays on three separate occasions: September 4, 2005; September 24, 2005; and October 1, 2005. Plaintiff also alleged that Defendants Lieutenant Wade Byrd and Sergeant Jonathan Bennett, Defendant Golden's supervisors, failed to respond to his

complaints regarding Defendant Golden and that this failure violated certain SCDC policies as well as his constitutional rights. On October 1, 2005, Plaintiff filed a Step One (SCDC Form 10-5) Grievance pursuant to the SCDC inmate grievance procedure. Plaintiff's Step One Grievance was denied and he filed a Step Two (SCDC Form 10-5A) Grievance. (Pl.'s Answer to Court's Special Interrogs. Attach. 1; see also Fowler Aff. ¶¶ 16-18.) Following the denial of his Step Two Grievance, Plaintiff filed an appeal to the Administrative Law Court of the State of South Carolina, which was dismissed. (Pl.'s Answer to Court's Special Interrogs. Attach. 1.)

## DISCUSSION

As an initial matter, the court notes that Plaintiff makes a number of allegations in his complaint. Pursuant to Section 1997e(a) of the Prison Litigation Reform Act, an action brought under 42 U.S.C. § 1983 by a prisoner regarding unconstitutional prison conditions cannot be heard until after available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Plaintiff has exhausted his administrative remedies only as to the allegations raised in his October 1, 2005 grievance, relating to incidents on September 4, 2005, September 24, 2005 and October 1, 2005.[1] (See Pl.'s Answer to Court's Special Interrogatories; Fowler Aff. ¶¶ 11-42.) Accordingly, to the extent Defendants seek dismissal on all claims other than the claims raised in the October 1, 2005 grievance, their motion for summary judgment is granted because Plaintiff has failed to exhaust

---

[1] The court notes that Defendant Fowler states that Plaintiff alleged he was deprived of meal trays by Defendant Golden on "September 4, 2005, September 12, 2005, and October 1, 2005," in his October 1, 2005 grievance. (Fowler Aff. ¶ 17.) In his October 1, 2005 Step One Grievance, Plaintiff actually complains of being denied meal trays on September 4, 2005, September 24, 2005, and October 1, 2005. (Pl.'s Answer to Court's Special Interrogs. Attach.1.) It appears the "September 12, 2005" date in Defendant Fowler's affidavit was a typographical error. This error does not raise an issue of material fact and therefore does not impact the court's determination of Defendants' motion for summary judgment.

3

those claims. The court now turns to Plaintiff's exhausted claim.[2]

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324.

Plaintiff contends he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was denied meal trays on three separate occasions. To establish an Eighth Amendment violation, Plaintiff must show: 1) that objectively, there was a sufficiently serious deprivation of a basic human need, and 2) that Defendants acted with a sufficiently culpable

---

[2] In his objections to the Report of Magistrate Judge ("Plaintiff's Objections"), Plaintiff claims he was denied due process in various disciplinary hearings held before Defendant Disciplinary Hearing Officer ("DHO") R.L. Turner, and specifically that Defendant Turner violated his due process rights during a March 8, 2006 disciplinary hearing. Plaintiff also objects to the Magistrate Judge's conclusion that the grievance procedure is not a substantive right and that Defendant Fowler did not act in an arbitrary or capricious manner in how he handled the grievances filed by Plaintiff. As discussed above, the record shows Plaintiff fully exhausted his administrative remedies on only his claims raised in the October 1, 2005 grievance against Defendants Golden, Byrd and Bennett, relating to refusal to provide Plaintiff food trays on September 4, 2005, September 24, 2005 and October 1, 2005. As such, the claims he makes regarding Defendants Turner and Fowler in Plaintiff's Objections are not cognizable. See 42 U.S.C. § 1997e(a).

state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991); Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). In order to satisfy the first element, Plaintiff must demonstrate "serious or significant physical or emotional injury result[ed] from the challenged conditions . . . or [that] substantial risk of such serious harm [resulting exists] . . . ". Shakka, 71 F.3d at 166. To satisfy the second element, Plaintiff must demonstrate that Defendants were deliberately indifferent. See Wilson, 501 U.S. at 303; Shakka, 71 F.3d at 166.

Plaintiff has presented three affidavits by fellow inmates. In these three affidavits, only one witness states he actually observed Defendant Golden order other officers not to give Plaintiff any food or drink. In the same affidavit, this witness states he observed Plaintiff refusing meal trays from Defendant Golden. (Pl.'s Answer to Court's Special Interrogs. Ex. B.) Defendants have stated that inmates cannot be allowed to dictate which officers serve them their meals. When an inmate refuses to accept a food tray from the officer passing out trays on a particular day, that is viewed as a refusal by the inmate. (Outlaw Aff. ¶ 28; Williams Aff. ¶ 28; Bennett Aff. ¶ 29; Byrd Aff. ¶ 28.) Plaintiff has failed to present any specific, material facts that show he has any physical or emotional injury resulting from the alleged denial of meal trays on these three occasions. Plaintiff has also failed to present any specific, material facts showing that Defendant Golden was deliberately indifferent. Taking all the facts in a light most favorable to Plaintiff, Plaintiff has neither shown a sufficiently serious deprivation of a basic human need, nor has he shown that Defendant Golden acted with a sufficiently culpable state of mind. Furthermore, Defendant Golden's supervisors, Defendants Bennett and Byrd, cannot be held liable for tacitly authorizing or otherwise acquiescing in a constitutional deprivation when Plaintiff has failed to show any constitutional deprivation by Defendant Golden. See Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). As such, summary

judgment in favor of Defendants, is granted as to Plaintiff's claims raised in the October 1, 2005 grievance against Defendants Golden, Bennett and Byrd.

CONCLUSION

The court has accepted all of Plaintiff's factual allegations as true and has made all inferences based on the facts in a light most favorable to Plaintiff. After thorough review of the Report of Magistrate Judge, the Plaintiff's Objections, the record in its entirety and examining the applicable law, the court concurs in the finding of the Magistrate Judge for the reasons set forth herein. As such, Defendants' motion for summary judgment is **granted** on the merits as to the claims raised in Plaintiff's October 1, 2005 grievance, and the remaining claims are dismissed without prejudice for failure to exhaust.

**IT IS SO ORDERED.**

    s/ Margaret B. Seymour
Margaret B. Seymour
United States District Court

Columbia, South Carolina
September 10, 2007

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**